**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 06 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN ORTEGA,

        Petitioner - Appellant,

  v.

FERNANDO GONZALEZ, Warden,

        Respondent - Appellee.

No. 11-57177

D.C. No. 2:10-cv-01592-SJO-RZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted October 8, 2014
Pasadena, California

Before: EBEL,[**] KLEINFELD, and GRABER, Circuit Judges.

Ortega argues that the state court decision was contrary to or unreasonably

applied the United States Supreme Court's decisions in <u>Chambers v. Mississippi</u>,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable David M. Ebel, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

410 U.S. 284 (1973), and Pennsylvania v. Ritchie, 480 U.S. 39 (1987). The

Ritchie argument is insubstantial, because the holding in that case addressed

whether the compulsory process clause was violated by failure to disclose

confidential records of the agency that provided services to the victim. No such

disclosure issue was raised in this case.


The Chambers argument raises a serious question, but we cannot say that the

state court's decision was contrary to or an unreasonable application of the holding

in that case. In Chambers, another man had repeatedly admitted, in writing under

oath, as well as orally, that he had committed the murder with which Chambers

was charged. At Chambers's trial, the other man repudiated his sworn confession.

Chambers was not permitted, under state evidentiary rules, to cross-examine the

man about his repudiation of his sworn confession. Nor was he allowed to call

witnesses, whose testimony the Court deemed both critical and reliable, who would

have discredited the man's repudiation. Chambers, 410 U.S. at 300, 302. The

Court held that "the exclusion of this critical evidence, coupled with" the

prohibition of cross-examination, denied the defendant due process of law. Id. at

302.

In this case, as in <u>Christian v. Frank</u>, 595 F.3d 1076 (9th Cir. 2010), we must distinguish <u>Chambers</u>.  The evidence that Ortega sought unsuccessfully to put before the jury was an officer's testimony that Ortega was 17 years old, and his girlfriend's testimony that she was indeed his girlfriend, she lived on the street where the drive-by shooting occurred, he was coming to visit her, and she had not seen him with a gun.  Ortega had already proved that the excluded witness was indeed his girlfriend and lived at the location.  We are unable to conclude that the state court's view of relevance and probative value was an "unreasonable" application of <u>Chambers</u>.  The state court concluded that bare evidence of defendant's age, without further evidence of his subordination to the shooter, had little or no probative force for the proposition that he was merely present and was not aiding and abetting the shooter.  And we agree that the girlfriend's testimony that she had never seen Ortega with a gun would not have been "critical" in proving the proposition that he did not aid and abet the shooter.  Ortega was driving, not shooting.

Ortega also argues that his attorney prejudicially failed to render the minimally competent representation to which he was entitled under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), by failing to apprise him of his right to a

3

rehearing. However, because Ortega and the prosecution stipulated in writing to the commissioner's sitting as a temporary judge, the commissioner's findings were not subject to review. See In re Mark L., 666 P.2d 22, 25 (Cal. 1983). Therefore, Ortega's attorney did not err in failing to advise Ortega of a right to a rehearing, because no such right existed.

Under California Rule of Court 5.770(i), Ortega could, however, have had the commissioner's findings reviewed on a petition for extraordinary writ. While the Rule of Court terms the petition one for extraordinary writ, the writ is extraordinary only in name. Under California Rule of Court 5.770(i), the writ process is the functional equivalent of an appeal in this very specific context.

The California courts unreasonably applied clearly established Supreme Court law under Roe v. Flores-Ortega, 528 U.S. 470, 479 (2000), because counsel did not consult at all with Ortega as to whether he wished to appeal, and the record discloses a nonfrivolous argument that Ortega met all five criteria for juvenile adjudication. The commissioner found Ortega fit for juvenile adjudication on four of them. On appeal, Ortega could have argued that he was fit under the fifth criterion, the circumstances and gravity of the offense, because no one was hit by

4

the fired bullets.  Ortega also had an expert declaration stating that he was fit for juvenile adjudication on all five criteria.

We do not suggest that either argument would or should prevail, only that these arguments would not have been frivolous.  Roe does not require a likelihood of success on the merits where counsel failed to discuss a potential appeal and there is a nonfrivolous issue. It requires that counsel consult with her client if "a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal)."  Roe, 528 U.S. at 480. Ortega's counsel's failure to advise Ortega of his right to seek a writ thus constituted ineffective assistance of counsel.

**REVERSED and REMANDED**.  The district court shall enter a conditional writ of habeas corpus, giving Ortega 90 days within which to seek a writ of mandate in the California courts, challenging the decision to try him in adult court.